UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ADRIAN FORD,

    Plaintiff,

v.

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.

_____/

Case No. 2:17-cv-11772

HONORABLE STEPHEN J. MURPHY, III

MAGISTRATE DAVID R. GRAND

**OPINION AND ORDER ADOPTING
THE REPORT AND RECOMMENDATION [19],
GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT [18],
AND DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT [17]**

After Plaintiff Adrian Ford unsuccessfully sought supplemental security income, he filed the instant suit to challenge the Social Security Administration's final decision. Ford and the Commissioner filed cross-motions for summary judgment and the magistrate judge issued a report and recommendation ("Report"). Ford filed objections, but for the reasons below, the Court will adopt the Report, deny Ford's motion, and grant the Commissioner's motion.

## STANDARD OF REVIEW

Civil Rule 72(b) governs the review of a magistrate judge's report, and the review varies depending on whether a party objects. The Court need not undertake any review of portions of a report to which no party has objected. *Thomas v. Arn*, 474 U.S. 140, 153 (1985). De novo review is required, however, if the parties "serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2).

When performing de novo review, "[t]he district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3).

When reviewing a case under 42 U.S.C. § 405(g), the Court "must affirm the Commissioner's conclusions absent a determination that the Commissioner has failed to apply the correct legal standards or has made findings of fact unsupported by substantial evidence in the record." *Longworth v. Comm'r Soc. Sec. Admin.*, 402 F.3d 591, 595 (6th Cir. 2005) (quotations omitted). Substantial evidence consists of "more than a scintilla of evidence but less than a preponderance" such that a "reasonable mind might accept [it] as adequate to support a conclusion." *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007) (quotations omitted). An ALJ may consider the entire body of evidence without directly addressing each piece in the decision. *Kornecky v. Comm'r of Soc. Sec.*, 167 F. App'x 496, 507–08 (6th Cir. 2006). And an ALJ need not "make explicit credibility findings as to each bit of conflicting testimony, so long as his factual findings as a whole show that he implicitly resolved such conflicts." *Id.*

## BACKGROUND

In a sense, Ford's case dates back to 2012. That is when he initially sought benefits and, as a consequence, he saw a psychologist named Dr. Dickson in November of that year. Dickson made various findings in a written opinion, diagnosed Ford with pervasive developmental disorder and borderline intellectual functioning, and assigned him a Global Assessment of Functioning score of 48. ECF 14-8, PgID 830.

The rest of the records, however, arose some years later, after Ford filed the application now in dispute. Accordingly, the rest of the relevant medical records were all created in 2016 and two affidavits were sworn to in January 2017. In summary:

2

January 19, 2016 — Ford saw Dr. Marshall, a psychologist, who made specific observations about his mental abilities, affect, and emotional state. *Id.* at 832–35. She provisionally diagnosed him with two "Specific Learning Disorders": one in reading, the other in mathematics. *Id.* at 834.

May 13, 2016 — Ford saw Dr. Kirzner, another psychologist, who confirmed the learning disorder diagnoses and also made observations about Ford's mental deficits and opined on his ability to work gainfully. *Id.* at 843–47.

October 27, 2016 — Ford saw Dr. Rodriguez, a medical doctor, because of worsening symptoms of depression. *Id.* at 850–52. Rodriguez did not undertake the same level of detailed findings that the psychologists did, but did ultimately diagnose Ford with a single episode of "[c]hronic major depressive disorder." *Id.* at 851.

December 3, 2016 — Ford saw Jayne McCullough, M.A., who administered portions of the "Kaufman Test of Educational Achievement" that evaluated Ford's proficiency in math, reading, and spelling. *Id.* at 840–41. McCullough concluded that Ford's reading and math levels were "at a beginning first grade level" and opined that he would "have a great deal of difficulty obtaining and maintaining a job" in light of those limitations. *Id.* at 839.

January 2017 — Two of Ford's acquaintances signed sworn affidavits. The first was from Ford's roommate and sometime-attorney, Erwin Meiers, who attested to the various ways he assisted Ford in his everyday living, asserted that Ford was "unable to read or write in any significant manner," and concluded, "I believe it would be impossible for [Ford] to work with any kind of consistency, nor get along with supervisors or fellow workers." ECF 14-7, PgID 745–46. The second affidavit was from Ford's former high

3

school teacher, Elizabeth Thomas, who recalled Ford's struggles in school with specificity and concluded her letter by stating that she and her husband operated an appliance store and, by virtue of that experience, she surmised that it would not be possible to integrate Ford into a work environment with other employees. *Id.* at 768.

The ALJ held a hearing in January 2017 and all of the foregoing was presented and made part of the record. ECF 14-2, PgID 506–08, 510. The ALJ issued his decision on March 8, 2017 and the Appeals Council denied review the following month. *Id.* at 479, 492.

## DISCUSSION

At the outset, though Ford's Objections brief thoroughly criticizes the ALJ's findings and reasoning, its objections to the magistrate judge's conclusions and the Report itself are much more limited. The objections to the Report are not clearly delineated, but the Court understands Plaintiff to be raising the following objections:

1. The Magistrate Judge erred by endorsing the ALJ's partial reliance on the lack of records after October 27, 2016. ECF 20, PgID 931.

2. "The Magistrate Judge failed to consider the actual contents of Dr. Marshall's report, relying instead on the ALJ's false claim of 'inconsistency.'" *Id.* at 933.

3. The Magistrate Judge erred by endorsing the ALJ's dismissal of McCullough's findings. *Id.* at 935.

4. The Magistrate Judge erred by relying "heavily on the fact that Plaintiff had not pursued mental health treatment for most of the period covered by his application." *Id.* at 935.

5. The Magistrate Judge misapplied case law concerning residual functional capacity determinations. *Id.* at 935–36.

The Court takes each of these in turn.

4

I. <u>Objection One – Reliance on a purported gap in the records</u>

In the portion of the ALJ's decision concerning residual functional capacity, the ALJ observed that there was "no indication of significant treatment for any psychological condition after" an assessment in October 2016. ECF 14-2, PgID 503. The Report quotes this portion of the decision in its own discussion. *See* ECF 19, PgID 912. Ford points this out, and suggests that because the hearing before the ALJ was "just over two months later" and followed "three major holidays," the lack of any follow-up treatment is not indicative of anything. ECF 20, PgID 931. That may be so, but read in context, neither the ALJ's decision nor the Report hinged on the lack of treatment in the two-month span.

The ALJ decision mentions the lack of follow-up treatment in the course of describing the data points of Ford's diagnostic history. The ALJ noted that Dickson provided an opinion in 2012, but also noted that three other doctors provided opinions in 2016—much more recently. After rattling off the dates of those opinions, the ALJ mentioned that there was "no indication of significant treatment" after October 2016. In other words, the ALJ confirmed that Rodriguez's October opinion was the last relevant medical opinion in the record in the series.

Nothing in the ALJ's decision suggests that the gap was dispositive. The same goes for the Report. And Ford does not explain how the reference to the gap resulted in the ALJ making a finding unsupported by substantial evidence or applying the wrong legal standard. The objection is overruled.

II. <u>Objection Two – Failure to consider the contents of Dr. Marshall's report</u>

Ford claims that the magistrate judge failed to review the actual contents of Dr. Marshall's opinion, and instead relied upon the ALJ's characterization that the opinion was at odds with Dickson's opinion. The Report itself, however, belies Ford's claim. The

5

magistrate judge specifically discussed Marshall's findings. *See* ECF 19, PgID 914 (citing to both the ALJ decision and the Marshall opinion). And as the Report points out, Marshall concluded that Ford was organized, though sometimes vague; able to do some, but not all, the simple math he was presented with; appeared oriented and in touch with reality; and able to "understand, remember, and complete simple and repetitive tasks." ECF 14-8, PgID 834; *accord* ECF 19, PgID 914. The ALJ did not iterate each and every finding from Marshall's opinion, but he was not required to. *See Kornecky v. Comm'r of Soc. Sec.,* 167 F. App'x 496, 508 (6th Cir. 2006) (quoting *Loral Def. Sys.-Akron v. N.L.R.B.*, 200 F.3d 436, 453 (6th Cir. 1999)). Whether Marshall's findings were "inconsistent" with Dickson's older opinion, or merely "different" is of no import—the findings supported the ALJ's determination. The objection is therefore overruled.

III. <u>Objection Three – Dismissal of McCullough's findings</u>

Ford criticizes the ALJ's decision to afford little weight to Jayne McCullough's opinion and suggests that the magistrate judge "uncritically endorsed" the ALJ's decision. Ford's argument is essentially the same one he raised in his initial motion. *Compare* ECF 17, PgID 871 *with* ECF 20, PgID 935. And the magistrate judge's determination remains sound: the ALJ properly considered McCullough's report, but a report like that "cannot establish the existence of a medically determinable impairment[.]" ECF 19, PgID 920 (quoting the Social Security Administration's policy document on how to review non-medical sources). The objection is overruled.

IV. <u>Objection Four – Reference to Ford's failure to pursue mental health treatment</u>

Ford suggests that the ALJ and the magistrate judge "relied heavily on the fact that [he] had not pursued mental health treatment for most of the period covered by his application." ECF 20, PgID 935. Ford, however, provides no citations for that claim, cites

6

no case law, and advances no argument on how this reliance resulted in a decision that was unsupported by substantial evidence. The objection is overruled.

V. Objection Five – Misapplication of the law on residual functional capacity determinations

Throughout his objections, Ford inveighs against the ALJ for finding "false inconsistencies" which, Ford contends, are merely differences in form and method between the various experts. *See, e.g.*, ECF 20, PgID 936. But in the final paragraphs of Ford's objections, he references the magistrate judge and the Report only twice: he notes that the magistrate judge invoked an inapplicable legal principal and concludes with the assertion that it "was error" for the magistrate judge to adopt the ALJ's rationale concerning alleged inconsistencies between the various doctors' reports. *Id.* at 937.

At this stage, the Court is tasked only with reviewing possible errors by the magistrate judge, which the plaintiff is bound to identify specifically. *See Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991). Ford has not clearly identified the alleged errors of the magistrate judge, but the Court has reviewed the Report and finds its reasoning on the residual functional capacity sound.

The ALJ had to determine whether Ford was disabled. The ALJ had before him several doctors' reports: one that was several years old, and three that were much more recent. Ford avers that the reports are harmonious, they simply focus on different things. The ALJ did not see it that way. Rather, the ALJ looked at the specific findings of the doctors, assigned weight to each of their opinions, and from this evidence concluded that Ford is not disabled. Ford may disagree, but the ALJ's decision is supported by substantial evidence in the record. The magistrate judge reached the same conclusion, and Ford has not pointed to any legal error. The objection is overruled.

7

**ORDER**

**WHEREFORE**, it is hereby **ORDERED** that the magistrate judge's Report and Recommendation [19] is **ADOPTED**.

**IT IS FURTHER ORDERED** that Defendant's motion for summary judgment [18] is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's motion for summary judgment [17] is **DENIED.**

**SO ORDERED**.

                                          s/Stephen J. Murphy, III
                                          STEPHEN J. MURPHY, III
                                          United States District Judge

Dated: June 28, 2018

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on June 28, 2018, by electronic and/or ordinary mail.

                                          s/David P. Parker
                                          Case Manager